UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau and Office of the Attorney General, State of Florida, Department of Legal Affairs,<br><br>Plaintiffs,<br><br>v.<br><br>College Education Services LLC, Marcia Elena Vargas, and Frank Liz,<br><br>Defendants. | Case No: 8:14-cv-3078-T-36EAJ |

**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION, CIVIL MONEY PENALTIES, AND OTHER RELIEF**

The Consumer Financial Protection Bureau (Bureau) and the Office of the Attorney General, State of Florida, Department of Legal Affairs (Attorney General of Florida) commenced this civil action on December 11, 2014, to obtain injunctive relief, civil money penalties, and other relief from College Education Services LLC, Marcia Elena Vargas, and Frank Liz (Doc. 1). The Complaint alleges violations of the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310, deceptive and abusive acts in violation of sections 1031(a) and 1036(a)(1) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1), and violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Chapter 501, Part II, Florida Statutes (2013), in connection with Defendants' marketing and sale of student-loan debt-relief services. The Parties, by and through respective counsel, have requested

that the Court enter this Stipulated Final Judgment and Order for Permanent Injunction, Civil Money Penalties, and Other Relief (Order).

## FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.
2. Venue is proper as to all parties in this District and Division.
3. The Parties agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.
4. Defendants neither admit nor deny any allegations in the complaint, except as specifically stated in this Order. For the purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.
5. Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure and waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action. Each Party will bear its own costs and expenses, including, without limitation, attorneys' fees, except as otherwise provided in Section IV.A of this Order.
6. Entry of this Order is in the public interest.

## DEFINITIONS

The following definitions apply to this Order:

1. "Affected Consumers" includes any consumer who paid an Advance Fee to CES.
2. "Advance Fee" means any fee or consideration requested or received by an entity, whether directly or indirectly, that occurs before:
   a. that entity has renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt-management plan, or other such valid contractual agreement executed by the consumer;
   b. the consumer has made at least one payment pursuant to that settlement agreement, debt-management plan, or other valid contractual agreement between the consumer and the creditor or debt collector; and
   c. to the extent that debts enrolled in a service provided by the entity are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either (1) bears the same proportional relationship to the total fee for renegotiating, settling, reducing, or altering the terms of the entire debt balance as the individual debt amount bears to the entire debt amount; or (2) is a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration.

3. "CES" means College Education Services LLC, its predecessor College Defaulted Student Loan LLC, and its successors and assigns.
4. "Consumer financial product or service" has the same meaning set forth in the Consumer Financial Protection Act, 12 U.S.C. § 5481(5).
5. "Corporate Defendant" means CES.
6. "Debt-Relief Service" means any program or service represented, expressly or impliedly, to (1) assist a consumer with debt management or debt settlement, (2) modify the terms of any extension of credit, or (3) renegotiate, settle, or in any way alter the terms of payment or any other terms of a debt between a consumer and one or more creditors or debt collectors.
7. "Defendants" means the Corporate Defendant and the Individual Defendants, individually, collectively, or in any combination.
8. "Effective Date" means the date on which this Order is issued.
9. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his or her designee.
10. "Individual Defendant(s)" means, individually or collectively, Marcia Elena Vargas, also known as Marcia Vargas, Elena Vargas, Elena Marcia Vargas, or Marcia Elena Vargas Liz; and Frank Liz, also known as Frank C. Liz or Francisco Cabrera Liz.
11. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency

brought against Defendants based on substantially the same facts as alleged in the Complaint.

## ORDER

### I.
### BAN ON DEBT-RELIEF SERVICES

**IT IS ORDERED** that Defendants are permanently restrained and enjoined from (1) offering, marketing, selling, or providing any Debt-Relief Service, whether directly or indirectly, (2) assisting any person offering, marketing, selling, or providing any Debt-Relief Service, including by consulting, brokering, planning, investing, or advising, and (3) receiving any monies or consideration from, holding any ownership interest in, providing services to, or working in any capacity for any person engaged in or assisting in the offering, marketing, selling, or providing of any Debt-Relief Service.

### II.
### CONDUCT PROHIBITIONS

**IT IS FURTHER ORDERED** that in connection with offering, marketing, selling, or providing any consumer financial product or service, Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly or by assisting others, are permanently enjoined and

restrained from misrepresenting any material aspect of the product or service, including, but not limited to:

A. The benefits that a consumer will receive from the product or service;

B. The time required to achieve benefits from the product or service; or

C. The total costs or any other material term, restriction, limitation or condition of the product or service.

## III.
## CIVIL MONEY PENALTIES

**IT IS FURTHER ORDERED** that,

A. Defendants, jointly and severally, must pay a civil money penalty of $25,000 to the Bureau.

B. Within 14 days of the Effective Date, Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

C. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

D. Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants may not:

1. Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

2. Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

E. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendants may not argue that they are entitled to, nor may Defendants benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action (Penalty Offset). If the court in any Related Consumer Action grants such a Penalty Offset, Defendants must, within 30 days after entry of a final order granting the Penalty Offset, notify the Bureau, and pay the amount of the Penalty Offset to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

F. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau under Section 523(a)(2)(A) of the Bankruptcy Code, U.S.C. § 523(a)(2)(A). For such purposes, this Order will have collateral estoppel effect against Individual Defendants, even in an Individual Defendant's capacity as debtor-in-possession.

G. The civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss,

and, thus, as to Individual Defendant, it is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

## IV.
## RELIEF PURSUANT TO THE FDUTPA

**IT IS FURTHER ORDERED** that,

A. Defendants, jointly and severally, must pay the Attorney General of Florida $15,000 for investigative and attorney's fees incurred as well as a civil penalty of $10,000. Collection of the foregoing amounts by the Attorney General of Florida is deferred.

B. The Attorney General of Florida's agreement to this Order and the deferment of payment of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related supplemental documents submitted to the Attorney General of Florida and to the Bureau.

C. The Attorney General of Florida reserves the right to collect payment as to any Defendant if, upon motion by the Attorney General of Florida, the Court finds that the Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified in Section IV.B.

## V.
## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and all persons who are in active concert or

participation with any of them, who have actual notice of this Order, whether acting directly or indirectly, may not disclose, use, or benefit from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, other financial account, or the National Student Loan Data System), that Defendants obtained in connection with CES's debt-relief services. However, information about a particular consumer may be disclosed: a) to the Bureau; b) to another government agency; or c) as required by law, regulation, or court order.

## VI.
## REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that,

A. For 10 years from the Effective Date, Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against any Defendant; or a change in any Defendant's name or address. Each Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

B. Within 7 days of the Effective Date, each Defendant must:

1. Designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with the Defendant;
2. Identify all businesses for which any Defendant is the majority owner, or that any Defendant directly or indirectly controls, by all of those businesses' names, telephone numbers, and physical, postal, email, and Internet addresses;
3. Describe the activities of each business identified in (b), including the products and services offered, and the means of advertising, marketing, and sales;
4. Identify the Individual Defendants' telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and
5. Describe in detail the Individual Defendants' involvement in any business for which either performs services in any capacity or which either wholly or partially owns, including the relevant Individual Defendant's title, role, responsibilities, participation, authority, control, and ownership.

C. For 10 years from the Effective Date, Defendants must report any change in the information required to be submitted under Section VI.B at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

D. Within 90 days of the Effective Date, and again one year after the Effective Date, Defendants must submit to the Enforcement Director an accurate written compliance progress report (Compliance Report), which, at a minimum:

1. Describes in detail the manner and form in which Defendants have complied with this Order; and
2. Attaches a copy of each Order Acknowledgment obtained under Section VII, unless previously submitted to the Bureau.

E. After the one-year period, and continuing for 10 years from the Effective Date, Defendants must submit to the Enforcement Director additional Compliance Reports within 14 days of receiving a written request from the Bureau.

## VII.
## ORDER DISTRIBUTION AND ACKNOWLEDGMENT

**IT IS FURTHER ORDERED** that,

A. Within 7 days of the Effective Date, each Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

B. Within 30 days of the Effective Date, each Defendant, for any business for which the Defendant is the majority owner or directly or indirectly controls, must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of this Order.

C. For 5 years from the Effective Date, each Defendant, for any business for which the Defendant is a majority owner or directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section VI, any future board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

D. Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 et seq., within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

## VIII.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that,

A. Each Defendant must create, for at least 5 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including for any business in which either Individual Defendant is a majority owner or directly or indirectly controls, as well as all submissions to the Bureau.

B. Defendants must retain the documents identified in Section VIII.A for at least 5 years.

C. Defendants must make the documents identified in Section VIII.A available to the Bureau upon the Bureau's request.

## IX.
## NOTICES

**IT IS FURTHER ORDERED** that, unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*In re* College Education Services LLC, No. 2013-0623-02," and send them either:

A. By overnight courier (not the U.S. Postal Service) and contemporaneously by email, as follows:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTENTION: Office of Enforcement
1625 I Street, NW
Washington, DC 20006

Enforcement_Compliance@cfpb.gov; or

B. By first class mail to the below address and contemporaneously by email to:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTN: Office of Enforcement
1700 G Street, NW
Washington, DC 20552

Enforcement_Compliance@cfpb.gov.

## X.
## COOPERATION WITH THE BUREAU

**IT IS FURTHER ORDERED** that,

A. Defendants must preserve consumer records and cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendants must make available or

turn over to the Bureau such information in their or their agents' possession or control within 14 days of receiving a written request from the Bureau.

B. Defendants must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. The Individual Defendants must appear and the Corporate Defendant must cause the its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XI.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, to monitor Defendants' compliance with this Order,

A. Within 14 days of receipt of a written request from the Bureau, Defendants must submit additional compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

B. For purposes of this Section, the Bureau may communicate directly with any Defendant, unless that Defendant retains counsel related to these communications.

C. Defendants must permit Bureau representatives to interview any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

D. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 and other compulsory process.

**XII**

The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of January, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
All parties of record including unrepresented parties, if any